# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RAMON ALVARADO, JR.,**

      Plaintiff,

    **v.**                                **Case No. 22-CV-1501**

**MATTHEW BURNS, *et al.*,**

      Defendants.

## ORDER

On December 22, 2023, the court granted the defendants' motion for summary judgment on the grounds that *pro se* plaintiff Ramon Alvarado, Jr. failed to exhaust his administrative remedies and dismissed the case. (ECF No. 64.) On January 26, 2024, Alvarado moved pursuant to Federal Rule of Civil Procedure 59(e) for the court to alter or amend its judgment. (ECF No. 66.) Fed. R. Civ. P. 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12, (7th Cir. 2007)). Alvarado's motion is timely.

Alvarado argues that the court made a mistake and manifest error of fact because it did not properly consider the fact that he allegedly submitted two

additional pages to his appeal of his grievance to the warden and improperly focused on the fact that he did not file a timely grievance. As indicated in the original decision, because Alvarado's appeal was untimely, and no good cause was shown the warden appropriately dismissed his appeal. Accordingly, whether Alvarado submitted the two additional pages is immaterial. For even considering the additional pages, because Alvarado did not show good cause, the appeal would have still been dismissed as untimely. Again, because Alvarado failed to properly appeal Westra's decision, he did not exhaust his administrative remedies under Wis. Admin. Code § 303. Alvarado's motion here does not undermine this conclusion as he has not shown a manifest error of law. Alvarado is merely taking issue with the way the court analyzed the evidence and applied the facts, which is not grounds for granting the motion. *See Oto v. Metropolitan Life Ins. Co.*, 244 F.3d 601, 606 (7th Cir. 2000).

      **IT IS THEREFORE ORDERED** that Alvarado's motion to reconsideration (ECF No. 66) is **DENIED.**

Dated at Milwaukee, Wisconsin this 13th day of March, 2024.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

2